(No. 35652.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOSEPH PANCZKO, Plaintiff in Error.

*Opinion filed September 29, 1960—Rehearing denied Nov. 30, 1960.*

GEORGE R. BIEBER, JASON E. BELLOWS, and SHERMAN C. MAGIDSON, all of Chicago, for plaintiff in error.

GRENVILLE BEARDSLEY, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and FRANCIS X. RILEY, and MARVIN E. ASPEN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

This case comes before us on writ of error from a decision of the criminal court of Cook County holding one Joseph Panczko in contempt of court and sentencing him to one year in the county jail.

During the course of a trial for burglary on April 24, 1959, when the judge was in chambers conferring with counsel and the jury was in the jury box, the defendant, Joseph Panczko, made certain remarks to a police officer who was sitting near him. Upon the judge returning to the bench, the assistant State's Attorney in charge of the prosecution, learning from someone in the court room that the defendant had uttered words, approached the judge and stated that he had a motion to make. The trial judge thereupon suspended the burglary trial and proceeded to hear testimony and argument on the oral motion which was apparently to hold the defendant in direct contempt of court. At the conclusion of the hearing, the court ruled:

"Now if Mr. Stamos' [the assistant State's Attorney] motion was, and comments were in the form of a motion for the court presumably to hold the defendant in contempt, that too is denied."

Approximately three months later the State's Attorney filed a petition for a rule to show cause why Panczko should not be held in contempt, setting forth the alleged incident of April 24 as grounds for the petition. A rule was entered, the defendant appeared, and a hearing was conducted on August 3, 1959, at the conclusion of which the same judge who had considered the matter on April 24, found the defendant guilty of contempt and sentenced him to serve one year in the county jail.

At the hearing on April 24, 1959, no formal citation was issued and return made, but jury trial was halted and the trial judge heard the sworn testimony of witnesses bearing on the alleged contemptuous behavior.

The witnesses on April 24 were Joseph Weber and John Stamos, assistant State's Attorneys, officer Corbett, a policeman apparently assigned to guard Panczko, officer Agin, and Donald Pribyl, a member of the Chicago Crime Commission, who was a spectator. Assistant State's Attorney Weber testified at the April 24 hearing: "I didn't hear exactly what the defendant said." Officer Corbett testified that Pancko "mumbled something to me across the table about a screwdriver. I couldn't make it out. He was mumbling something about a frame on the screwdriver. It wasn't audible." Officer Agin, who was on the witness stand at the time, did not hear defendant say anything to anybody. Pribyl testified: "I heard something about a screwdriver. That is all I could hear because I was behind the defendant, but the jury was in the box."

In addition to the testimony at the prior hearing, Sophie Shaw, a petit juror in the burglary trial testified at the August 3 hearing that she heard the words: "They are trying to frame me." She further testified that she did not hear anything the defendant said about a screwdriver. Robert V. Hangsterfer, the court reporter in the burglary trial, testified that: "I heard the word frame and the word screwdriver." The defendant Panczko, who did not take the stand on April 24, testified on August 3 that he spoke to officer Corbett, stating: "I said to him 'After this trial is over I want to frame that screwdriver.' He said 'What are you mumbling about? I can't understand what you are saying.'"

On August 3, 1959, Panczko also filed a motion to quash and a plea in bar of prosecution with a motion to discharge the defendant, all of which were denied. On this appeal respondent Panczko argues that he was not proved guilty beyond a reasonable doubt, that he was placed in double jeopardy, and the sentence imposed was an abuse of discretion.

We at once turn our attention to the respondent's con-

tention that he was not proved guilty beyond a reasonable doubt. Of the eight witnesses testifying, only Sophie Shaw attributed any statement to the respondent that could possibly be considered contemptuous. In view of the testimony of the other seven witnesses hereinbefore recited, it is clear that the respondent was not proved guilty beyond a reasonable doubt. We must accordingly reverse the judgment of the trial court.

*Judgment reversed.*